UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELYN K. CHU,

    Plaintiff,

v.                                                                  Case No. 15-14357

THE PAUL REVERE LIFE                              HON. AVERN COHN
INSURANCE COMPANY,

    Defendant.

_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, (Doc. 26)**

       This is a case concerning a policy of insurance for occupational disability income. On February 7, 2017, after holding a hearing, the Court entered an order granting summary judgment in favor of the plaintiff insured. (Doc. 24). The Court concluded:

> There is no evidence in the record to support a finding that carpal tunnel syndrome surgery will enable plaintiff to return to the practice of dentistry and particularly to perform the important duties associated with that profession.

(Doc. 24; *see also* Doc. 29).

       On February 21, 2017, defendant insurer filed a "Motion for Reconsideration." (Doc. 26). On March 7, 2017, the Court entered an "Order Directing Response" from the plaintiff. (Doc. 27). Plaintiff has responded and defendant has replied.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h) which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Defendant has not shown any ground for reconsideration. The motion is DENIED.

First, defendant takes issue with the Court's interpretation of the language of the "appropriate care" clause in the policy, which reads:

> "Total Disability" means that because of Injury or Sickness:
>
> a. You are unable to perform the important duties of Your Occupation; and
> b. You are receiving Physician's Care.
>
> "Physician's Care" means the regular and personal care of a Physician which, under prevailing medical standards is appropriate for the condition causing the disability.

(Doc. 14-2 at 14). In interpreting that clause, the Court reasoned:

> THE COURT: . . . Nowhere did [any medical expert] express the opinion that that surgery will restore flexibility and dexterity to the hand meeting the criteria or the standard necessary to practice the art of dentistry. And the Court will take judicial notice of the fact that in order to practice that art and restore [plaintiff] to a wage-earning ability in that art she has to have the same dexterity and flexibility she had before the onset of the disability, and this record is completely void of anyone testifying expressing that opinion.
>
> THE COURT: . . . [T]here is no Michigan law precisely on point that involves Carpal Tunnel Syndrome, and if one looks at the authorities, this is some distinction, but principally the Court will rely on the discussion . . . in *Couch* . . . -- Major Surgery or Procedures, Couch, Section 146.53.

2

> The Court will take judicial notice of the fact that major surgery always, always entails a certain risk, particularly because it has to be performed under anesthesia, and that plaintiff's declining to submit to such a basic condition is reasonable under the circumstances. There's nothing in the language of the policy that says the treatment must include surgery, if appropriate.
>
> And there's one Michigan case that comes closest, and that's *Morinelli v. Provident*, 617 N.W.2d 777, which seems to say receiving care which is appropriate for the condition causing disability and therefore anything that is required to restore one from a disabled condition to an enabled condition must assure that the restoration will be as good as before the break. . . .

(Doc. 29 at 6). Defendant says this amounted to legal error and offers its own exegesis of the policy language. However, defendant acknowledges there is no controlling precedent governing the interpretation of an "appropriate care" clause with respect to whether an insured must submit to invasive hand surgery. Because this is an unsettled question of Michigan law, there is no "palpable defect" identified.

Next, defendant says it would have offered the written opinion of an orthopedic surgeon, Dr. John Groves, with whom it consulted in denying plaintiff's claim for benefits had it known the reasoning the Court would use. Defendant acknowledges this opinion was available but not included when it filed the motion for summary judgment.

The opinion of Groves is not "new" as it was previously available. Moreover, it does not alter the Court's conclusion that the surgery will not necessarily restore the plaintiff's ability to practice dentistry. The opinion is contingent on a successful surgery and no complications, adverse events, or recurrence. It is largely comparable to the opinion of Dr. Sobol, which the Court considered in its decision.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2017
Detroit, Michigan