UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELYN K CHU, DDS,

    Plaintiff,

v.                                                                                          Case No. 15-14357

THE PAUL REVERE                                                              HON. AVERN COHN
LIFE INSURANCE COMPANY,

    Defendant.

_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S TO MOTION TO DETERMINE DAMAGES (Doc. 37)

**I.**

This is a disability insurance case. Plaintiff Chu (Chu) is a dentist who could no longer work after developing carpal tunnel syndrome. At the time she stopped working, Chu was insured under a disability policy from Defendant Paul Revere Life Insurance Company (Paul Revere). Chu sued Paul Revere because it withheld disability benefits on the grounds that by refusing to undergo surgery, Chu was refusing to receive "appropriate" care to treat her condition. On February 7, 2017, the Court granted Chu's motion for summary judgment (Doc. 11) and denied Paul Revere's motion for summary judgment (Doc. 13), holding that "appropriate" care did not mandate surgery. In their respective motions for summary judgment, the parties did not address damages.

Paul Revere filed a motion for reconsideration (Doc. 26), which was denied. Chu then filed a motion to enforce judgment (Doc. 32), which was denied without prejudice because the Court determined that its disposition on the summary judgment motions

was not final absent an award of damages. At the same time, the Court reopened the case to entertain a motion to determine damages.

Now before the Court is Chu's motion to determine damages (Doc. 37), to which Paul Revere has responded (Doc. 38) and Chu has replied (Doc. 39). Two oral arguments were held, and the parties have filed supplemental briefs (Docs. 46, 47, 48) to support their claims.

## II.

In its motion for summary judgment, Paul Revere raised and briefed the issue of whether Chu should be entitled to benefits after December 2014, which is when she stopped receiving any kind of medical treatment for her condition. However, the Court in its disposition of the motion for summary judgment made no determination regarding the medical treatment issue, but only determined whether Chu was required to undergo surgery. The medical treatment issue was also not addressed by the Court or the parties at the summary judgment oral argument, or in the motion for reconsideration. Now, Chu says Paul Revere should not be allowed to raise a substantive issue again in order to determine the correct amount of damages owed. Paul Revere says because the Court made no specific determination about the doctor's care issue, Paul Revere should be allowed to raise it again.

## III.

Relevant language from the disability insurance policy reads as follows:

1.10 **"Total Disability"** means that because of Injury or Sickness:
   a. You are unable to perform the important duties of Your Occupation; **and**
   b. You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You.

> **"Physician's Care"** means the regular and personal care of a Physician which, under prevailing medical standards, is appropriate for the condition causing the disability.

(emphasis added).

## IV.

Paul Revere has already admitted in its correspondence with Chu that it believes medical treatment short of surgery would be of no benefit to her:

- "It is the opinion of our physician that hand therapy would not be expected to resolve the trigger finger condition." (Oct. 31, 2014 letter, Doc. 11, Ex. 9)
- "You treated with a hand specialist who decreased your pain with a steroid injection. However, you indicated you continued to have locking and clicking of the left middle finger." (Dec. 31, 2014 letter, Doc. 11, Ex. 11)
- "Therapy would not harm your trigger finger conditions; however, it would not resolve it. **Resolution would only occur from surgical intervention.**" (Id.)
- "You have tried all alternative measures for your condition; i.e., medication, steroid injections and most recently, physical therapy. To no avail, your conditions have not improved." (Id.)

(emphasis added). Therefore, because the Court has already determined that Chu is not required to undergo surgery, she is entitled to disability benefits starting from March 24, 2014, the date of Paul Revere's last benefit payment.

Because Paul Revere has not disputed Chu's damages calculation method, including the prejudgment interest rate and cost of living adjustment, Chu shall lodge with the Court an updated calculation of damages through March 2018. At that time, the Court will enter an order specifying the amount of damages owed.

SO ORDERED.

                                                s/Avern Cohn
                                                AVERN COHN
                                                     UNITED STATES DISTRICT JUDGE

Dated: March 6, 2018
Detroit, Michigan